IN THE UNITED STATES DISTRIC COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

Jadair International, Inc.
235 Grand Ave
Port Washington, WI 53074-0089

     Plaintiff,

 vs.                                      Case No.:

American National Property and Casualty
Company
c/o its statutory agent
The Corporation Company
120 South Central Ave.
Clayton, MO 63105

     Defendants.
_____

## COMPLAINT FOR DECLARATORY JUDGMENT OF LIABILITY OF INSURER AS WELL AS COMMON LAW BAD FAITH

**Now Comes** Plaintiff, Jadair International, Inc., ("Jadair"), by and through counsel and for its complaint states as follows:

### I. JURISDICTION

1.     Jadair is a Wisconsin corporation, incorporated under the laws of the State of Wisconsin, with its principal place of business in the State of Wisconsin, and brings this Declaratory Judgment action pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C.A. §§ 2201 ("Declaratory Judgments, Creation of Remedy") and 2202 ("Declaratory Judgments, Further Relief"). This Court has original jurisdiction under 28 U.S.C.A. §1332 ("Diversity of Citizenship; Amount in Controversy; Costs"), as the matter in controversy exceeds

the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

## II. PARTIES

2.      Defendant American National Property and Casualty Company ("ANPAC") is a Missouri corporation, incorporated under the laws of the State of Missouri, with its principal place of business in the State of Missouri.

## III.  AMOUNT IN CONTROVERSY

3.      On June 27, 2019, ANPAC issued an Aircraft Insurance Policy to "Jadair International, Inc. and its individual executive officers and shareholders."  Jadair International was the of record owner of a 1978 Cessna P201N Centurion airplane (FAA Registration number N1JA) ("insured aircraft"), under Policy No. AC-01496-03 ("the Policy"), with a policy period of June 18, 2019 to June 18, 2020. A true and correct copy of the Policy is attached hereto and incorporated by reference as Exhibit "1." Among other coverages, and subject to certain conditions, exclusions and endorsements, the Policy provided $230,000 (Two Hundred Thirty Thousand Dollars) in hull coverage for the insured aircraft, less a $500 (Five Hundred Dollar) deductible.  Exhibit 1 at 4, Item 6.

4.      In addition to the hull coverage, the Policy provides for $5,000 (Five Thousand Dollars) in medical expense coverage for any person who is injured or killed while on board an insured aircraft.  Exhibit 1 at 4, Item 6.

## IV.  COUNT ONE – DECLARATORY JUDGMENT

5.      On June 27, 2019, ANPAC issued the Policy to Jadair, the owner of record of the insured aircraft.

6.      The Coverage Identification Page for the Policy provides that the Policy covers N1JA, 1978 Cessna P201N Centurion.

7.      Item 9 of the Coverage Identification Page provides:

**REQUIREMENTS FOR THE PILOT FLYING THE AIRCRAFT**: The Aircraft must be operated in flight only by a person having the minimum qualifications shown below. The pilot must have a current and valid (1) medical certificate, (2) flight review and (3) pilot certificate with necessary ratings, each as required by the FAA for each flight. THERE IS NO COVERAGE IF THE PILOT DOES NOT MEET THESE REQUIREMENTS.

**AS ENDORSED**

Exhibit 1 at 3, Item 9.

8.      The one-page endorsement (Form GA110 (01/14) is found on page 5 of the Policy.  Exhibit 1 at 5.

9.      The endorsement to Item 9 specifically names "David Schmutzler" as an authorized pilot for N1JA under the heading "**MINIMUM REQUIREMENTS FOR PILOT, PILOT CERTIFICATE, RATINGS AND LOGGED FLIGHT HOURS.**"  Exhibit 1 at 5.

10.      On May 15, 2020, at approximately 6:15 pm local time the 1978 Cessna P201N Centurion, N1JA crashed in Burlington, Wisconsin.  National Transportation Safety Board ("NTSB") Report, attached hereto and incorporated by reference as Exhibit "2."

11.      The pilot of N1JA, the1978 Cessna P201N Centurion, was David Schmutzler.

12.      David Schmutzler was killed in the crash of N1JA.  Exhibit 2, NTSB preliminary report.

13.      Despite ANPAC having specifically endorsed David Schmutzler as a pilot for N1JA, the 1978 Cessna P201N Centurion, on October 19, 2020 ANPAC's aviation managers issued a letter to Jadair denying  "any payment on the insured's behalf under this policy."  A true and correct copy of Highpoint Claims Service October 19, 2020 letter to Jadair is attached hereto and incorporated by reference as Exhibit "3."

3

14.     The denial of all coverages under the policy is improper and unlawful in that David Schmutzler was an endorsed pilot under the policy.

## V.  COUNT TWO –  COMMON LAW BAD FAITH

15.     The preceding paragraphs of this Complaint are incorporated herein by reference.

16.     Highpoint Claims Service  was the authorized agent of ANPAC to adjust the Policy.

17.     The facts known to Highpoint Claims Service/ANPAC by October 2020 mandated an immediate tender of the full policy limits under Items 5 and 6 in order to protect its insured; but Highpoint Claims Service/ANPAC made no such tender, and in failing to so tender, failed to properly and reasonably protect its insured and was guilty of bad faith.

18.     Once Highpoint Claims Service/ANPAC failed to timely tender the policy limits despite knowing that the facts and circumstances required it, Jadair was required to incur the expense of engaging counsel—and faced great financial peril.

19.     Highpoint Claims Service/ANPAC had no reasonable basis for denying all coverage under the Policy.

20.     In denying coverage to Jadair, Highpoint Claims Service/ANPAC acted maliciously and with intentional disregard to the rights of its insured.

**WHEREFORE**, Plaintiff, Jadair International, respectfully requests this Honorable Court to:

1.      Enter a judgment against Defendant ANPAC in the amount of $234,500.00 (Two Hundred Thirty-Four Thousand Five Hundred Dollars) and order ANPAC to pay for the salvage of the aircraft.

2.      Enter a judgment against Defendant ANPAC in an amount to be determined by a jury for its bad faith failure to promptly pay the claims under the policy.

4

3.     Enter an award for attorneys' fees and costs pursuant to *DeChat v. Monarch Life Ins. Co.*, 200 Wis. 2d 559, 547 N.W.2d 592 (1996).

4.     Enter an award for punitive damages pursuant to *Anderson v. Con'l Ins. Co.*, 85 Wis. 2d 675, 271 N.W.2d 368 (1978) in an amount to be decided by a jury together with any additional relief that justice so requires.

5.     Grant Plaintiff such other and further relief as the nature of its cause and the interests of justice may so require.

**Plaintiff demands trial by jury on all issues so triable.**

DATED:     September 21, 2021.

Respectfully submitted,

_____/s/ James T. Murray_____
James T. Murray SBN 1016026
Kevin M. Fetherston SBN 1084716
von Briesen & Roper, s.c.
411 East Wisconsin Avenue, Suite 1000
Milwaukee, WI 53202
Phone: (414) 287-6607
jmurray@vonbriesen.com
kfetherston@vonbriesen.com

_____/s/ Douglas Desjardins_____
Douglas Desjardins
THE PANGIA LAW GROUP
1717 N St., NW
Washington, DC  20036
Phone: (202) 638-5300
Fax: (202) 393-1725
dpd@pangialaw.com

Attorneys for Jadair International, Inc.